IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER,            )<br>                                                  )<br>            Plaintiff,                  )<br>                                                  )<br>vs.                                             )<br>                                                  )    Case No. 06-CV- 00156-GKF-FHM<br>DOUGLAS HORN, et al.             )<br>                                                  )<br>            Defendants.              ) | |

## O P I N I O N  A N D  O R D E R

This matter comes before the court on the Motion for Summary Judgment of Defendants, Douglas Horn and Melody Noble Nelson (Document No. 124). For the reasons set forth herein, defendants' motion (Document No. 124) is granted.

### Background

This *Bivens* suit arises from events surrounding the September 16, 2005, execution by Internal Revenue Service Special Agents of a search warrant at the home of Plaintiff, Lindsey Springer, in Kellyville, Oklahoma. During the search, agents seized currency they logged and inventoried as approximately $19,000 cash. The currency was delivered to a local bank, where a teller counted it and informed the agents the amount of cash was only $17,000. When the money was returned to Plaintiff on January 10, 2006, the amount returned was $17,000. Plaintiff sued special agents involved in the search and seizure, as well as U.S. Assistant Attorneys Douglas Horn and Melody Noble Nelson, alleging violation of his constitutional rights. In Plaintiff's Second Bivens Claim, he alleges that Nelson and Horn knew or should have known the IRS special agents had stolen $2,000 from him, that they should have returned his money to him and

informed him of the disappearance of $2,000, but that instead they opposed his efforts to recover the money to hide that theft. (Document No. 2, ¶¶96-105). In his Third Bivens Claim, Plaintiff alleges Nelson, Horn and the IRS special agents violated his Fourth Amendment right against unreasonable search and seizure. (*Id.* ¶¶ 106-113) He specifically alleges Nelson and Horn participated in "unauthorized and forbidden actions regarding the theft and cover up of Plaintiff's $2,000.00 taken during the Search of Plaintiff's home." *Id.* ¶110. He also alleges Nelson and Horn used their office "to cover up the deprivation and theft keeping Plaintiff from knowledge of the theft." *Id.* ¶111.

Defendants Horn and Melody allege in their Motion for Summary Judgment that they are entitled to prosecutorial immunity; that no constitutional right of Plaintiff was violated; and that they are also shielded by the doctrine of qualified immunity.

## Undisputed Material Facts

The IRS is investigating the Plaintiff for alleged tax evasion and failure to file income tax returns. (Document No. 125, Memorandum of Law in Support of Defendants Horn and Nelson's Motion for Summary Judgment, Statement of Material Facts Not In Dispute, No. 1). Defendant Horn was Chief of the Criminal Division of the United States Attorney's Office for the Northern District of Oklahoma between 2001 and 2007. (*Id.,* Statement No. 2). He assigned Defendant Nelson, then an Assistant United States Attorney ("AUSA") for the Northern District of Oklahoma, to the investigation. (*Id.*).

Nelson, as part of the investigation, prepared a search warrant for the search of Plaintiff's residence and on September 15, 2005, Nelson and IRS Special Agent Brian Shern presented the search warrant and Shern's supporting declaration to United States Magistrate Judge Frank H.

McCarthy, who signed the search warrant and authorized search of Plaintiff's residence. (*Id.,* Statement No. 3). The search warrant permitted the seizure of currency and monetary instruments. (*Id.* Statement No. 6). The search warrant was executed September 16, 2005. (*Id.* Statement No. 7). During the search, IRS Special Agents found currency and, after consulting with Nelson and with her approval, seized the currency as potential evidence**.** (*Id.,* Statement No. 22).

Subsequently, Plaintiff contacted Nelson to request return of the currency and car titles and asked her to recuse herself. (*Id.,* Statement No. 34-35). Nelson declined both requests. (*Id.,* Statement No. 35). On September 23, 2005, Plaintiff filed a motion under Rule 41(e) of the Federal Rules of Criminal Procedure seeking return of the currency and car titled seized pursuant to the search warrant. (*Id.,* Statement No. 36). Nelson prepared and filed the United States' response opposing the Springer's motion on October 5, 2005. (*Id.,* Statement No. 38-39). On October 28, 2005, Magistrate Judge McCarthy denied without prejudice Springer's motion for the return of the seized currency and car titles. (*Id.,* Statement No. 40).

After the denial of Springer's Rule 41 motion, AUSAs Horn and Nelson decided to return the currency and car titles on the basis that they were no longer needed as part of the investigation. (*Id.,* Statement No. 41). Horn directed Shern to do so. (*Id.,* Statement No. 44).

## Analysis

Summary judgment is appropriate if "there is no genuine issue as to any material fact and...the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v.*

*Prudential Insurance Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id*.

1. **Prosecutorial Immunity**

A prosecutor is entitled to absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 464 U.S. 409, 431, 96 S.Ct. 984 (1976). These activities include initiation and pursuit of criminal prosecutions. *Id.*; *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1489 (10th Cir. 1991). Absolute immunity is available if the act of the prosecutor takes place in a judicial proceeding or is fairly associated within the prosecutor's function as an advocate. *Burns v. Reed,* 500 U.S. 478, 491-92, 111 S.Ct. 1934 (1991). Absolute immunity extends to any actions calling for a prosecutor's exercise of professional discretionary judgment in the performance of prosecutorial functions. *Kalina v. Fletcher,* 522 U.S. 118, 130 (1997). Reviewing and evaluating evidence for use in a criminal prosecution also falls within the prosecutor's role as an advocate. *Buckley v. Fizsimmons,* 509 U.S. 259, 273-74 (1993).

Applying this standard, it is clear that Nelson's role in preparing and securing a search warrant, as well as her filing of an objection on behalf of the government to Plaintiff's Rule 41(e) motion, were activities undertaken within her role as an advocate for the government and therefore are protected by absolute immunity. So, too, was the decision by Nelson and Horn to return the currency and car titles to Plaintiff. Therefore, Nelson and Horn are entitled to

summary judgment on Plaintiff's claims that these activities violated his constitutional rights.

## 2. Qualified Immunity

While a prosecutor is entitled to absolute immunity for acts undertaken in his or her role as an advocate, he is entitled only to qualified immunity for providing legal advice to investigating officers. *Id.* at 494-96. Nelson contends her advice to the IRS special agents to seize currency found at Plaintiff's house is protected by the doctrine of qualified immunity.

Qualified immunity protects government officials from individual liability in a §1983 action unless the official's conduct violates clearly established constitutional rights. *See Perez v. Unified Gov't of Wyandotte County,* 432 F.3d 1163, 1165 (10th Cir. 2005); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). As a result, it is critical to resolve immunity questions at the earliest possible stage in the litigation. *See Saucier v. Katz,* 533 U.S. 194, 199-201, 121 S.Ct. 2151 (2001).

When a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing (1) that the defendant's action violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the conduct at issue. *Perez,* 432 F.2d at 1165; *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). The doctrine ensures that government actors have notice of the constitutional restrictions on their behavior. *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012 (1984).

Here, it is undisputed that Nelson discussed with an IRS special agent the seizure of currency from Springer's home on September 16, 2005, while the agents were searching the

house, and that she concurred in the seizure of the money. It is also undisputed that the search warrant issued by Magistrate Judge McCarthy specifically authorized seizure of currency and monetary instruments. The seizure of the currency pursuant to a lawfully issued warrant does not violate any constitutional or statutory mandate. Nor is Defendant's subjective intent relevant. The defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. *Crawford-El v. Britton,* 523 U.S. 574, 588 (1998).

## Conclusion

Defendant Douglas Horn is entitled to summary judgment on the basis of prosecutorial immunity. Defendant Melody Noble Nelson is entitled to summary judgment on the basis of prosecutorial immunity and qualified immunity.

Defendants' Motion for Summary Judgment (Document No. 124) is granted.

IT IS SO ORDERED.

DATED this 25th day of November, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma