**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

LINDSEY K. SPRINGER,
Plaintiff,

vs.

DOUGLAS HORN, et al.
Defendants.

Case No. 06-CV-156-GKF-FHM

**OPINION AND O R D E R**

This matter comes before the court on the Motion for Judgment on the Pleadings of defendants [Document No. 106]. For the reasons set forth herein, the motion is denied.

This *Bivens* suit arises from events surrounding the September 16, 2005, execution by Internal Revenue Special Agents of a search warrant at the home of plaintiff in Kellyville, Oklahoma. During the search, agents seized currency they logged and inventoried as approximately $19,000 cash. Agents allegedly gave plaintiff a receipt for the $19,000 seized. The currency was delivered to a local bank, where a teller counted it and informed the agents the amount of cash was only $17,000. When the money was returned to Plaintiff on January 10, 2006, the amount returned was $17,000. Plaintiff sued two assistant United States attorneys, Douglas Horn and Melody Noble;[1] IRS special agent Brian Shern; "10 unknown agents of the Internal Revenue Service" and "others unknown," alleging violation of his constitutional rights. He alleges the IRS special agents stole the missing $2,000.

[1]On November 28, 2008, the court granted Horn's and Nobles' Motion for Summary Judgment. [Doc. No. 150].

Answers to the complaint were filed by IRS special agents Shern [Doc. No. 57] Marc K. Colllins [Doc. No. 55], Jason C. White [Doc. No. 56], Scott A. Wells [Doc. No. 80], Diana Megli [Doc. No. 81], Donald G. Shoemake [Doc. No. 82], William R. Taylor [Doc. No. 83], Christopher D. Albin [Doc. No. 96], Donald A. Anderson [Doc. No. 97], Kathy L. Beckner [Doc. No. 98] and Loy Dean Smith [Doc. No. 99]. In the pending motion, the IRS special agents contend they are entitled to judgment on the pleadings because the complaint 1) does not state a constitutional claim against the defendant IRS special agents and 2) does not allege personal participation of the IRS agents in deprivation of plaintiff's constitutional rights.

**Analysis**

With respect to their first argument, defendants assert that they are shielded by the doctrine of qualified immunity and that alleged theft or conversion of $2,000 is not a cognizable Fifth Amendment due process violation under *Bivens* because plaintiff had a meaningful post-deprivation remedy under the Federal Tort Claims Act.

Qualified immunity protects government officials from individual liability unless the official's conduct violates clearly established constitutional rights. *See Perez v. Unified Gov't of Wyandotte County*, 432 F3d 1163, 1165 (10th Cir. 2005); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing (1) that the defendant's action violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the conduct at issue. *Perez,* 432 F.3d at 1165*; Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). The doctrine ensures that government actors have notice of the constitutional restrictions on their behavior. *Davis v. Scherer*, 468 U.S. 183, 195, 104 S.Ct. 3012,

82 L.Ed.2d 139 (1984).

Defendants contend plaintiff has not adequately alleged violation of a constitutional right. In making this assertion, defendants argue the complaint does not allege a violation of plaintiff's Fourth Amendment rights, that only plaintiff's Fifth Amendment rights are implicated, and that unauthorized intentional deprivation of personal property does not constitute a Fifth Amendment due process violation if a meaningful post-deprivation remedy is available. This court ruled in its Opinion and Order denying defendants' earlier motion to dismiss [Doc. No. 41], that it could not "conclude at this juncture that the protection of the Fourth Amendment could not extend to a seizure of Springer's $2,000 if it occurred sometime after the IRS agents' search of Springer's home." [*Id.*, p. 4]. While facts developed in discovery may ultimately lead the court to find the alleged conduct does not constitute a Fourth Amendment violation, at this juncture, the court lacks evidence sufficient to alter its earlier conclusion.[2]

In any event, the court believes the holding in *Carlson v. Green,* 446 U.S. 14 (1980) is controlling in this case. In *Carlson,* the court answered in the negative the question of whether the availability of an alternative federal law remedy under the Federal Tort Claims Act defeated a

---

[2]Defendants Shern, Collins andWhite took the position in their motions to dismiss that "conduct is subject to the Fourth Amendment only from the moment of entry until the moment of departure." [Doc. Nos. 13, p. 5 and 31, p. 6]. Defendants continue to represent plaintiff's allegation in ¶98 of the Complaint to be that plaintiff alleges the $2,000 disappeared between plaintiff's home and the depositing bank. To the contrary, plaintiff merely alleges that defendants Horn and Nelson "inform[ed] Plaintiff that the $2,000.00 disappeared between Plaintiff's home and the depositing bank." [Doc. No. 2]. As stated in the previous order, plaintiff's allegations include the possibility that the $2,000 was taken by someone at the home. Indeed, although unnecessary for ruling on the present motion, at least one defendant has implied that the money may have been taken *before* their departure from the home, albeit by Springer's wife. [*See, e.g.,* Doc. No. 129, pp. 3-4]. It remains to be addressed as to whether Springer's Fourth Amendment claim may survive summary adjudication, particularly in light of a search warrant issued by a federal magistrate judge.

*Bivens* action. In so holding, the court stated:

> Petitioners point to nothing in the Federal Tort Claims Act (FTCA) or its legislative history to show that Congress meant to pre-empt a *Bivens* remedy or to create an equally effective remedy for constitutional violations. FTCA was enacted long before *Bivens* was decided, but when Congress amended FTCA in 1974 to create a cause of action against the United States for intentional torts committed by federal law enforcement officers, 28 U.S.C. §2680(h), the congressional comments accompanying that amendment made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action.

*Id.* at 19-20. Nor is the court persuaded that the availability of state causes of action against defendants precludes plaintiff's *Bivens* claim. The court in *Carlson* rejected the federal prison official's contention that a state statute of limitations barred plaintiff's *Bivens* claim. In so ruling, the court stated: "*Bivens* actions are a creation of federal law and, therefore the question whether respondent's action survived Jones' death is a question of federal law." *Id.* at 23.

Defendants, relying on *Hudson v. Palmer*, 468 U.S. 517 (1984), and its progeny, assert that the existence of state and FTCA remedies precludes a *Bivens* claim. However, *Hudson* involved Section 1983 claims against *state* officials for alleged violations of a prisoner's constitutional rights. The court in *Hudson* found that intentional deprivations of property do not violate a prisoner's Fourteenth Amendment rights if adequate *state* post-deprivation remedies are available. *Id.* at 533. Other courts, relying on *Hudson*, have ruled that federal prisoners' *Bivens* claims against prison officials were precluded because the prisoners had alternative remedies under the FTCA and state law. *See, e.g., Burton-Bey v. United States*, 100 F.3d 967 (10th Cir. 1996);[3] *Gordon v. Day*, 172 Fed.Appx. 565, 2006 WL 752132 (5th Cir. 2006); *McNeair v. Snyder*, 7 Fed.Appx. 317, 2001 WL 133132 (6th Cir. 2001).

---

[3]*Burton-Bey* is an unreported, non-binding opinion. *Id.* at 967.

Notably, defendants have failed to cite *Peoples v. CCA Detention Center*, 422 F.3d 1090 (10th Cir. 2005), *vacated in part,* 449 F.3d 1097 (10th Cir. 2006). In *Peoples,* a split Tenth Circuit panel ruled that a prisoner had no *Bivens* claim against employees of a privately-run prison because alternative state remedies were available to him. 422 F.3d at 1096-1108. On rehearing *en banc*, however, the court concluded, "We are evenly divided...for substantially the same reasons as are set forth in the panel's majority and dissenting opinions, on the question of whether a *Bivens* action is available against employees of a privately-operated prison." 449 F.3d at 1099. The court vacated the earlier panel opinion addressing the issue. *Id.* Thus, at this time the Tenth Circuit has yet to determine the central issue in this motion–whether the availability of FTCA and/or state court remedies precludes plaintiff from asserting a *Bivens* claim.

The court finds compelling the concerns raised by Circuit Judge Ebel's opinion in the *Peoples* panel decision Judge Ebel pointed out that *Bivens* is a remedy implied for a *constitutional* violation. He criticized the contrary approach because "it treats all causes of action for damages as fungible units," in contravention of *Carlson. Id.* at 1109. He stated:

> If the presence of a tort claim against individual officers was not sufficient to preclude a *Bivens* remedy against those officers in *Carlson*, so too should the availability of state-law tort claims against the instant defendants here be an insufficient substitute for the constitutional cause of action *Bivens* provides.
>
> * * *
>
> Indeed, it was the lack of a constitutional cause of action (and the concomitant reliance on state tort law as a mechanism for enforcing federal constitutional rights) that gave rise to *Bivens* in the first place.

*Id.* Judge Ebel articulated a number of policy issues implicated by the opposing opinion, including parallelism between treatment of public and private prisoners and uniformity of remedies for constitutional violations. *Id.* at 1110-1113. He also voiced concern about erosion of

the deterrent effect of *Bivens*:

> My final objection to the majority opinion is that its result undermines the policy objective of individual deterrence that is a primary goal of the *Bivens* remedy.... Here, it is true that a state-law tort remedy could be brought against the individual prison guards as to one of the claims, but perhaps not as to the other two claims which involve different conduct, and therefore there is no deterrence as to that conduct. Further, any state claim may be more limited than would be a *Bivens* action. Accordingly, any deterrent value provided by individualized tort suits against private prison guards is significantly undercut.

*Id.* at 1113.

This court is persuaded by Judge Ebel's rationale in *Peoples.* To adopt the approach urged by defendants would abrogate the intent of *Bivens* and *Carlson.* The court concludes this *Bivens* action is not precluded by the FTCA or the existence of potential state law remedies. Therefore, plaintiff has adequately alleged a constitutional violation against the defendants.

Defendants also contend they are entitled to judgment on the pleadings because plaintiff has failed to allege "direct, personal participation" in the alleged constitutional violations. The court has reviewed plaintiff's complaint and defendants' answers. Based upon the pleadings, the court concludes plaintiff has adequately alleged direct, personal participation by the defendants.

**Conclusion**

For the reasons set forth above, defendants' Motion for Judgment on the Pleadings [Doc. No. 106] is denied.

IT IS SO ORDERED this 17th day of December, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma