IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV-156 -GKF-FHM |
| DOUGLAS HORN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O P I N I O N  A N D  O R D E R**

This matter comes before the court on defendants' Motion to Alter or Amend Judgment [Doc. No. 174]. For the reasons set forth below, defendants' motion is denied.

This *Bivens* suit arises from events surrounding the September 16, 2005, execution by Internal Revenue Special Agents of a search warrant at the home of plaintiff in Kellyville, Oklahoma. During the search, agents seized currency they logged, tagged and inventoried as "approximately $19,000 cash." The agents later delivered the currency to a local bank, where a teller informed the agents the amount of cash delivered was only $17,000. When the money was returned to plaintiff on January 10, 2006, the amount returned was $17,000. Plaintiff sued two assistant United States Attorneys [1] and the IRS agents. The IRS agents filed motions to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. [Doc. Nos. 12, 29, 30]. Those motions were denied. [Doc. No. 41]. Defendants then filed a Motion for Judgment on the Pleadings [Doc. No. 106], raising the doctrine of qualified

---

[1]On November 28, 2008, the court granted the Assistant United States Attorneys' Motion for Summary Judgment. [Doc. No. 150].

immunity, arguing the alleged theft or conversion was not a cognizable *Bivens* claim because plaintiff had a remedy under the Federal Tort Claims Act, and asserting plaintiff had failed to allege defendants' personal participation in the alleged constitutional violations. The motion was denied [Doc. No. 155]. Defendants then filed a motion for summary judgment, once again asserting qualified immunity [Doc. No. 156]. The court denied the motion [Doc. No. 172].

Citing Fed.R.Civ.P. 59(e), defendants now ask the court "to alter or amend the judgment set forth in the Opinion and Order...to enter summary judgment in favor of all of the defendants and against the plaintiff, Lindsey K. Springer." [Doc. No. 174].

Under the collateral order doctrine, a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable "final decision" within the meaning of 28 U.S.C. §1291, notwithstanding the absence of a final judgment. *Weise v. Casper,* 507 F.3d 1260, 1263 (10th Cir. 2007), citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Thus, defendants' motion is properly brought as a Rule 59(e) motion to alter or amend judgment.

Whether to grant or deny a motion to alter or amend judgment is committed to the discretion of the district court. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). Recognized grounds for a motion to alter or amend a judgment include: (1) that the trial court has made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law. *All West Pet Supply Company,* 847 F.Supp. at 860.

A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. *Id.,* citing

*National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir. 1990). Moreover, a motion to alter or amend cannot be used to raise new issues for the first time after entry of summary judgment. *Id.*, citing *Hashwani v. Barbar,* 822 F.2d 1038, 1041 (11th Cir. 1987).

In general, defendants' motion can be characterized as a rehash of previous arguments. They continue to assert that since they had a valid search warrant, their seizure of "approximately $19,000" cannot be challenged under the Fourth Amendment. Citing *Ali v. Ramsdell,* 423 F.3d 810 (8th Cir. 2005), and *Fox v. Van Oosterum,* 176 F.3d 342 (6th Cir. 1999), they argue plaintiff "had no possessory interest in the currency after it was seized," and "the subsequent alleged theft or conversion of $2,000 of the currency did not violate his Fourth Amendment right to possess his personal property and effects." [Doc. No. 175, p. 7].[2] They also argue plaintiff may not assert a Fifth Amendment claim because he has a remedy under the Federal Tort Claims Act. Both issues have been raised previously by defendants and addressed by the court in its orders of October 1, 2007 [Doc. No. 41], December 18, 2008 [Doc. No. 155], and April 7, 2009 [Doc. No. 172].

Defendants also complain the April 7, 2009, order failed to address the issue of whether plaintiff had established the second element required to overcome a qualified immunity defense.

---

[2]The court disagrees. The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches and seizures. *Winters v. Board of County Commissioners,* 4 F.3d 848, 853 (10th Cir. 1993), citing *Soldal v. Cook County, Illinois,* 506 U.S. 56, 61 (1992). A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Winters,* 4. F.3d at 853, citing *Soldal,* 506 U.S. at 61. The Tenth Circuit has held that a failure timely to return seized material which is without evidentiary value and which is not subject to forfeiture may state a constitutional or statutory claim. *Davis v. Gracey,* 111 F.3d 1472, 1477 (10th Cir. 1997).

Qualified immunity protects government officials from individual liability unless the official's conduct violates clearly established constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). When a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing (1) that the defendant's actions violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the conduct at issue. *Perez v. Unified Govt of Wyandotte County,* 432 F.3d 1163, 1165 (10th Cir. 2005).[3]

The conduct at issue took place on September 16, 2005. As of that date, the *Bivens* doctrine had been in effect more than 30 years. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The holding in *Carlson v. Green,* 446 U.S. 14 (1980) had been rendered more than 20 years previously. In *Carlson,* the court held the availability of an alternative federal law remedy under the Federal Tort Claims Act did *not* defeat a *Bivens* action. *Id.* at 19-20. Defendants cite, and the court is aware of, no Tenth Circuit authority to the contrary. Moreover, the Federal Tort Claims Act itself explicitly provides its remedy is *not* exclusive for civil actions brought against employees of the United States government for a constitutional violation. 28 U.S.C. §2679(b)(2)(A).

Therefore, to the extent the court's previous order is unclear on this point, the court holds plaintiff *has* met his burden of showing the constitutional or statutory right was clearly

---

[3] Although issues of qualified immunity normally are questions of law decided prior to trial, in exceptional circumstances, historical facts may be so intertwined with the law that a jury question is appropriate as to the objective legal reasonableness of a defendant's action. *See Maestas v. Lujan,* 351 F.3d 1001, 1007-08 (10th Cir. 2003); *Keylon v. City of Albuquerque,* 535 F.3d 1210, 1218-19 (10th Cir. 2008). Here, fact issues that need to be determined by the jury to resolve the qualified immunity defense include: whether the amount of cash seized was $17,000 or "approximately $19,000"; whether defendant's took $2,000 when she was in close proximity to the seized money; and whether an agent or agents lost or stole approximately $2,000 of the currency.

established at the time of the alleged conduct.

For the reasons set forth above, defendants' Motion to Alter or Amend Judgment [Doc. No. 174]  is denied.

ENTERED this 20th day of May, 2009.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma